**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50156 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00417-ODW-1 |
| v. | |
| MARTIN FRIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted December 5, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.


Martin Frias appeals from a final judgment entered following a jury trial in
which he was convicted on one count of using a facility of interstate commerce to
induce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. §
2422(b).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.**     Frias argues that the district judge deprived him of his constitutional right to an impartial jury, to a fair trial, and to due process when the judge suggested to the venire that it would be "totally un-American" for a juror to claim that jury duty was a hardship.[1]  The district judge's exact words were as follows:  "We start jury selection now.  We begin with whether or not serving on a jury till the end of the week will cause a tremendous hardship on anyone.  So here is the part where you get to like raise your hand in front of God and everybody and admit that you are totally unAmerican.  Okay.  Do it.  Let me see it."

Frias did not object to this statement at trial.  On appeal, however, he argues that it is "impossible to know how the judge's instruction affected prospective jurors and whether they harbored any biases they did not reveal out of concern that they would be publicly humiliated by the court."  We disagree.  The district judge made clear that his statement pertained only to claiming a hardship exemption from jury duty, not to voicing concerns about bias or prejudice.  He later explained that the voir dire was "the actual questioning of you wherein we want you to tell the truth" and assured jurors that "[t]he idea is not to embarrass you."  Part-way through the voir dire he even told jurors that he would not admonish them for

---

[1] Because we conclude that there was no error, we need not decide whether we review for structural error or harmless error.  Under either standard, Frias's argument fails.

being un-American if they revealed biases: "I am asking you all again, is there anyone here who has any doubts whatsoever about their ability to be fair and impartial? Now, this is one of those where you can raise your hand and it is okay. I am not going to accuse you of being unAmerican."

Several prospective jurors did disclose biases and embarrassing private information. The prospective jurors' responses show that the judge's "un-American" comment did not "chill" juror responses or create an environment in which jurors felt unable to "admit publicly to any bias or prejudice against the defendant," as Frias argues. Although we do not condone the district judge's comment, we fail to see any constitutional error. *See United States v. Mitchell*, 568 F.3d 1147, 1150-51 (9th Cir. 2009) ("The Sixth Amendment right to a jury trial guarantees the criminally accused a fair trial by a panel of impartial jurors," and is violated if the defendant can show actual bias on the part of a prospective juror or if there is implied bias due to "the relationship between a prospective juror and some aspect of the litigation." (internal quotation and citation omitted)).

**2.** Frias also argues that the Government made statements during its closing argument that were based on evidence that was not introduced at trial, in violation of his Sixth Amendment right to a jury trial and his due process rights. We review for plain error, and we find that there was no error. *See United States v. Marcus*,

130 S. Ct. 2159, 2164 (2010). The Government's closing argument closely tracked Frias's testimony, and it was permissible for the Government to point out that Frias's testimony differed from what he told FBI agents at the time of his arrest. *See United States v. Wilkes*, 662 F.3d 524, 540 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 219 (2012) ("Prosecutors may . . . argue reasonable inferences based on the evidence, including that one of the two sides is lying." (internal quotations and citation omitted)). Furthermore, the fact that the jurors asked questions about evidence outside the record does not compel the conclusion that the prosecutor was alluding to such evidence during his closing argument. There was therefore no error.

**AFFIRMED.**